# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cr112

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ROBERT OTTO, ) | |
| **Defendant,** ) | |
| and ) | |
| NEW YORK POLICE PENSION FUND, ) | |
| **Garnishee.** ) | |

**THIS MATTER** is before the court on defendant's Motion to Modify Order of Continuing Garnishment (#27) and the government's Response (#28). In his motion, defendant contends that the government should not be allowed to garnish 100% of his monthly pension payment from his former employer, the New York Police Department, as such garnishment is limited to 25% by the Consumer Credit Protection Act,15 U.S.C. §1672(a) (hereinafter "CCPA").

## I. Background

Earlier, to satisfy the monetary component of the criminal judgment, the United States petitioned the court for a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). This interest in "property" includes nonexempt disposable earnings, id., defined as 25% of a debtor's disposable earnings. 28 U.S.C. § 3002(9). In accordance with the mandate of 28 U.S.C. § 3205(c), Honorable David S. Cayer, United States Magistrate Judge, issued the Writ of Continuing Garnishment. The Writ specifically provided that the garnishee was to pay the United States 100% of

-1-

defendant's periodic pension distributions. Defendant now contends that it is improper for the government to garnish his pension at 100% as the garnishment statute limits such garnishment of pension benefits to 25% of a debtor's disposable earnings.[1]

## II. Application of the Consumer Credit Protection Act to Garnishment

Prior to the issuance of the Order of Garnishment in this case, a majority of district courts that had considered the issue had concluded that periodic payments from pensions or other retirement plans did not constitute earnings under the Consumer Credit Protection Act, and were not, therefore, subject to the 25% cap on garnishment established by the CCPA. As recognized by the Court of Appeals for the Fifth Circuit in United States v. DeCay, 620 F.3d 534 (5th Cir.2010), a majority of lower courts had concluded that

> once passed to a retirement account or annuity in the hands of the employee, the funds in the account or annuity are not 'earnings' under the CCPA, and thus not subject to the 25% cap, even if they are distributed in periodic payments-in other words, the distributions from the fund to the defendant are not 'disposable earnings' under § 303.'

Id., at 543–44 (citing United States v. Belan, No. 2008 WL 2444496, at *3 (E.D. Mich. June

---

[1] Rule 60(b), Fed.R.Civ.P., provides for post-judgment relief where the moving party demonstrates:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any other reason that justifies relief.

Fed.R.Civ.P. 60(b). For the reasons discussed below, consideration of the decisions of other circuits is a sufficient reason to reconsider the appropriateness of the Writ of Garnishment.

13, 2008)).[2] While recognizing the contrary decisions of the lower courts, the Decay court determined that monthly pension payments were also subject to the 25% cap under the CCPA's definition of earnings as "periodic payments made pursuant to a pension or retirement program." Id.

The Court of Appeals for the Seventh Circuit also addressed whether pension payments were subject to the CCPA's 25% cap. In United States v. Lee, 659 F.3d 619 (7th Cir. 2011), the Seventh Circuit determined that periodic payments from various pension plans (a defined benefit plan, a 401(k) plan, and a "non-qualified" plan) were "earnings" under CCPA and thus were subject to a 25% cap. Id., at 621. In reversing the district court, the Seventh Circuit noted that the 25% limitation applied to "disposable earnings" and that "disposable earnings" were defined in 15 U.S.C. §1672(a) to include "a pension or retirement program." Id., at 621-22.

As in Lee, the critical statutory inquiry in this case is whether the phrase "periodic payments **pursuant to** a pension or retirement plan" contemplates periodic pension payments to defendant from his pension. 15 U.S.C.§1672(a) (emphasis added). The government argues that the word "into" should be substituted for "pursuant to" in reading § 1672(a). Response (#28), at 3- 4. In support of such interpretation, the government argues that payments from a pension plan are not payments into a pension plan, making the 25% cap inapplicable. Id.

The rules of statutory construction do not, however, allow a court to make a wholesale substitution of words, as the court must give the language used by Congress its plain meaning

---

[2] See also United States v. Crawford, 2006 WL 2458710, at *2–3 (E.D.Cal. Aug. 22, 2006); United States v. Laws, 352 F.Supp.2d 707, 713–14 (E.D.Va.2004); United States v. Blondeau, 2011 WL 6000499 (E.D.N.C. Nov. 1, 2011), aff'd 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011).

as determined by examination of the statute's language, structure, and purpose. United States v. Horton, 321 F.3d 476, 479 (4th Cir. 2003). The court may only go beyond the plain language of unambiguous statutes to avoid absurd results and where

> literal application of the statutory language would produce a result demonstrably at odds with the intent of Congress; in such cases, the intent of Congress rather than the strict language controls. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. In such cases, the intention of the drafters, rather than the strict language controls.") (internal quotation marks and citation omitted). To come within the ambit of this exception, however, the contrary intent must have been clearly expressed by the legislative body. *See Russello v. United States*, 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983). In the absence of expressed Congressional intent, we must assume that Congress intended to convey the language's ordinary meaning. *See United States v. Goldberger & Dubin, P. C.*, 935 F.2d 501, 506 (2d Cir.1991) ("The words of a statute should be given their normal meaning and effect in absence of showing that some other meaning was intended."); *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir.1989) ("In the absence of a contrary indication, the court must assume the drafters of a statute intended to convey the ordinary meaning attached to the language.").

Maryland State Dept. of Educ. v. U.S. Dept. of Veterans Affairs, 98 F.3d 165, 169 (4th Cir. 1996). This court finds highly persuasive the reasoning of the Seventh Circuit in Lee, which found the disputed language of the CCPA to be unambiguous, finding as follows:

> The statutory language refers to periodic payments, which describe the $2,000 and $3,000 annual payments from Lee's 401(k) and defined benefit pension plan. Although the statutory definition of "earnings" cover compensation paid or payable for personal services regardless of whether they are labeled as wages, salary, bonus or otherwise, the plain language also embraces "periodic payments made pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). Black's Law Dictionary defines the term "pursuant to" as "in compliance with; in accordance with; under [or] ... as authorized by ... [or] in carrying out." *Black's Law Dictionary* 1356 (9th ed.2009). **Given the unambiguous language of the statute, periodic payments from a pension or retirement savings plan made in accordance with its terms would be made "pursuant to" the pension or retirement plan and therefore be subject to the 25% limitation of the CCPA.**

Id.. at 622 (emphasis added). This court, as the government correctly argues, is not bound

by the decisions of other district courts or even the decisions of appellate courts outside the Fourth Circuit. Decisions of other district courts are, however, instructive, and the decisions of appellate courts outside the Fourth Circuit are highly persuasive in the absence of binding authority from the Fourth Circuit or the Supreme Court.

Having independently considered the language of the CCPA, and giving such language its ordinary meaning, this court also finds that periodic payments from an employer's pension plan, made in accordance with the terms of the plan, are made "pursuant to" the plan, and are therefore subject to 25% garnishment cap of the CCPA. In accordance with rules of statutory construction applicable in this circuit, the court has also considered whether such a reading would of the CCPA would produce an absurd result or be demonstrably at odds with the intent of Congress in enacting the CCPA. While the Mandatory Victim Restitution Act and the Criminal Victims' Rights Act clearly evince an intent to provide prompt and full restitution to the victims of criminal activity, Congress, through enactment of the CCPA, has also clearly recognized the need to limit collection of such indebtedness where the earnings subject to garnishment have at least the earmarks of wages. If the government were allowed to garnish pension payments due to a former employee from an employer at 100%, a retiree could, theoretically, have no income on which to live. As an annuitant's stream of pension payments typically ends upon his or her death,[3] it is clearly in the interests of creditors and victims for the pensioner or annuitant to have some source of income on which to live a long life, thereby maximizing repayment or restitution. Thus, the court finds that giving plain meaning to the unambiguous language of the CCPA does not produce an absurd result and is not demonstrably at odds with the intent of Congress in enacting the CCPA, the MVRA, or the CVRA.

---

[3] Unless the pension has a provision for a surviving spouse.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Modify Order of Continuing Garnishment (#27) is **ALLOWED**, and the Order of Garnishment is **MODIFIED** to provide a maximum garnishment of 25% of defendant's monthly pension payments.

Signed: June 29, 2012

Max O. Cogburn Jr.
United States District Judge